UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WONDERLAND NURSERYGOODS CO., LTD., | Case No. 1:19-cv-11946 |
| Plaintiff, | |
| v. | |
| HALO INNOVATIONS, INC., ADEN & ANAIS, INC., and SWANDER PACE CAPITAL, LLC, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Wonderland Nurserygoods Co., Ltd. ("Wonderland"), hereby asserts the following claims for patent infringement against Halo Innovations, Inc., Aden & Anais, Inc., and Swander Pace Capital, LLC (collectively, "Defendants"), and alleges as follows:

## THE PARTIES

1.      Wonderland is a corporation organized and existing under the laws of Taiwan and has its principal place of business at Rui Kwang Road, No. 433, 10th Floor, Neihu, Taipei, Taiwan.

2.      Upon information and belief, Halo Innovations, Inc. ("Halo") is a company organized and existing under the laws of Minnesota and maintains a Principal Executive Office at 213 West 35th Street, Room 2E, New York, NY 10001.  Upon information and belief, Halo designs, develops, manufactures (or has manufactured on its behalf), imports, distributes, markets, sells, and/or offers to sell in the United States, including this District, products for infants and young children, including several versions of the infringing Halo DreamNest open air sleep system ("DreamNest").

3.      Upon information and belief, Aden & Anais, Inc. ("A+A") is a business entity organized and existing under the laws of New York with its principal place of business at 20 Jay Street, Suite 600, Brooklyn, NY 11201.  Upon information and belief, A+A is in the business of designing, manufacturing (or has manufactured on its behalf), importing, distributing, marketing, and selling products for infants and young children, including swaddles, blankets, bedding, bibs, and clothing.

4.      Upon information and belief, Halo is a wholly owned subsidiary of A+A.

5.      Upon information and belief, Swander Pace Capital, LLC ("SPC") is a business entity organized and existing under the laws of Delaware and headquartered at 101 Mission Street, Suite 1900, San Francisco, CA 94105.

6.      Upon information and belief, SPC owns a controlling interest in A+A and Halo. Upon information and belief, SPC is a private equity firm specializing in consumer products such as those designed, manufactured, and sold by A+A and Halo.  Upon information and belief, SPC owns, leases, or controls property and facilities in this District through A+A and/or Halo at 213 West 35th Street, Room 2E, New York, NY 10001.

7.      Upon information and belief, SPC and/or A+A directs and/or controls Halo with respect to at least one of the following:  designing, manufacturing, distributing, marketing, selling, or offering for sale the DreamNest in the United States, including in this District.

8.      Upon information and belief and as further explained below, Defendants have been and are acting in concert, and are liable jointly, severally or otherwise for relief related to or arising out of the same transaction, occurrence or series of transactions or occurrences related to the making, using, importing, offering for sale and/or selling the DreamNest in the United States,

including this District.  In addition, this action involves questions of law and fact that are common to all Defendants.

## JURISDICTION AND VENUE

9.     This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq*.

10.     This Court has subject matter jurisdiction over the matters asserted herein under 28 U.S.C. §§ 1331 and 1338(a).

11.     Defendants have infringed and continue to infringe, and have induced and continue to induce infringement of, one or more claims of Wonderland's U.S. Patent Nos. RE43,919 ("the '919 patent") and 6,954,949 ("the '949 patent") (collectively, "patents-in-suit").

12.     Defendants are subject to this Court's personal jurisdiction.  Defendants have infringed the patents-in-suit in this District by, among other things, engaging in infringing conduct within and/or directed at or from this District.  For example, Defendants have purposefully and voluntarily placed the DreamNest into the stream of commerce with the expectation that these infringing products will be used in this District.  Upon information and belief, these infringing products have been and continue to be sold and used in this District.

13.     Upon information and belief, Halo maintains a Principal Executive Office located in this District at 213 West 35th Street, Room 2E, New York, NY 10001.  Furthermore, Halo regularly does business, solicits business, engages in other persistent courses of conduct, and/or derives substantial revenue from products and/or services provided to individuals in this District and in this State.  Halo has committed acts of patent infringement in this District.  Accordingly, Halo has purposefully availed itself of the privilege of conducting business within this District; has established sufficient minimum contacts with this District such that it should reasonably and

fairly anticipate being haled into court in this District; has purposefully directed activities at residents of this State and District; and has committed acts of patent infringement in this State and District.

14.     Upon information and belief, A+A regularly does business, solicits business, and/or derives substantial revenue from products and/or services provided to individuals in this District and in this State.  Furthermore, upon information and belief, A+A conducts business through Halo, its subsidiary, in this District at 213 West 35th Street, Room 2E, New York, NY 10001.  Upon information and belief, A+A is the parent of Halo and controls and/or directs Halo to infringe the patents-in-suit by making, using, marketing, manufacturing, selling, and offering for sale the DreamNest in the United States, including this District.  Accordingly, A+A has purposefully availed itself of the privilege of conducting business within this District; has established sufficient minimum contacts with this District such that it should reasonably and fairly anticipate being haled into court in this District; has purposefully directed activities at residents of this State and District; and has committed acts of patent infringement in this State and District.

15.     Upon information and belief, SPC regularly does business, solicits business, and/or derives substantial revenue from products and/or services provided to individuals in this District and in this State.  Furthermore, upon information and belief, SPC conducts business in this District itself and/or through Halo and/or A+A at 213 West 35th Street, Room 2E, New York, NY 10001.  Upon information and belief, SPC participates in the comprehensive business operations for A+A and Halo, including exerting control or directing them to infringe the patents-in-suit by making, using, marketing, manufacturing, selling, and offering for sale the DreamNest in the United States, including this District.  Accordingly, SPC has purposefully availed itself of the privilege of conducting business within this District; has established sufficient minimum contacts with this

District such that it should reasonably and fairly anticipate being haled into court in this District; has purposefully directed activities at residents of this State and District; and has committed acts of patent infringement in this State and District.

16.    Venue is proper in this District under 28 U.S.C. §§ 1391(b) and/or (c) and 28 U.S.C. § 1400(b) at least because Halo has both (1) committed acts of infringement by using, advertising, marketing, offering for sale, and selling products that infringe the patents-in-suit in this District, and (2) has a regular and established place of business in this District located at 213 West 35th Street, Room 2E, New York, NY 10001, and is subject to personal jurisdiction in this District. Upon information and belief, venue is proper in this District against A+A and SPC because they have (1) directed and/or controlled Halo to commit acts of infringement in this District and (2) own, lease, or control property and/or facilities in this District at least through Halo and/or A+A at 213 West 35th Street, Room 2E, New York, NY 10001.

## WONDERLAND'S HISTORY AND PATENTS

17.    Wonderland was established in 1983 to focus on the global demand for baby products, strollers, cribs, playards, car safety seats, and high chairs.

18.    Wonderland is a leading manufacturer of baby and child products. Wonderland manufactures a full line of portable cribs, known as playards, for infants and children. Playards are one of several product lines which Wonderland has successfully developed over the years. Wonderland's products are sold around the world and have been proven to be safe and innovative.

19.    Wonderland is an innovator in the baby product field and designs, engineers, and produces high quality baby products. Wonderland respects the intellectual property rights of others and places great value in its own innovations, protecting the new designs it develops with trademarks, patents, and copyrights as appropriate.

20.     Wonderland and related entities own more than 500 U.S. patents and over 2,000 patents outside of the U.S., including the patents-in-suit.

21.     On March 1, 2005, the United States Patent and Trademark Office ("USPTO") issued U.S. Patent No. 6,859,957 ("the '957 patent"), entitled "Baby Crib," and the '957 patent was duly and legally issued to Wonderland as assignee.  On January 15, 2013, the USPTO issued the '919 patent, which is a reissue of the '957 patent.  A copy of the '919 patent is attached hereto as Exhibit A.

22.     On October 18, 2005, the USPTO issued the '949 patent, entitled "Playpen with Double Columns at Each Corner," and the '949 patent was duly and legally issued to Wonderland as assignee.  A copy of the '949 patent is attached herein as Exhibit B.

## ACTS GIVING RISE TO THIS ACTION

23.     Upon information and belief, in 2018, Halo released the DreamNest.  Below is an image of the DreamNest from Halo's website (https://www.halosleep.com/halo-dreamnest-open-air-sleep-system/):



24.     One or more of the valid and enforceable claims of the patents-in-suit is infringed by the DreamNest.  A more detailed discussion of how the DreamNest infringes the patents-in-suit is provided below.

25.     On April 16, 2019, Wonderland sent Halo a letter informing Halo of the patents-in-suit and raised infringement issues with respect to the DreamNest.  A copy of Wonderland's letter is attached hereto as Exhibit C.

**COUNT ONE: INFRINGEMENT OF U.S. PATENT NO. RE43,919**

26.     Wonderland incorporates by reference and re-alleges paragraphs 1-25 of this Complaint as if fully set forth herein.

27.     Defendants have and are currently directly infringing claims of the '919 patent literally and/or under the doctrine of equivalents by making, using, selling, offering for sale, and/or importing into the United States, without authority, products and equipment that embody one or more claims of the '919 patent, including, but not limited to, the DreamNest.  For example, Defendants operate a website at https://www.halosleep.com/halo-dreamnest-open-air-sleep-system/, which sells the DreamNest "to the 50 United States, Washington, DC and all Canadian Provinces," including this District.  *See* Exhibit D.  Furthermore, the DreamNest can also be purchased online and picked up at Target stores located in this District.  *See* Exhibit E.  At least because of the foregoing acts, Defendants directly infringe claims of the '919 patent.

28.     As just one non-limiting example, set forth below is a description of infringement of exemplary claim 20 of the '919 patent in connection with the DreamNest.  This description is based on publicly available information and inspection of a DreamNest.  Wonderland reserves the right to modify this description, including, for example, on the basis of information about the DreamNest that it obtains during discovery.

29.     Claim 20 of the '919 patent recites "[a] baby crib comprising …." The DreamNest is a baby crib comprising the combination of claimed elements, as described further below.

30.     Claim 20 of the '919 patent recites "a frame structure including a plurality of support tubes."  As shown below, the DreamNest includes a frame structure including a plurality of support tubes.



31.     Claim 20 of the '919 patent recites "wherein each of the support tubes has an outer wall and defines an outer contour shape of the upright tube."  As shown below, each support tube of the DreamNest has an outer wall that defines an outer contour shape of the upright tube.



32.     Claim 20 of the '919 patent recites "an enclosure member including a plurality of side panels having edge portions," "an attachment structure configured to mount and secure the edge portions of the enclosure member along the support tubes," and "whereby the side panels surround an enclosed space."  As shown below, the DreamNest has an enclosure member that includes a plurality of side panels having edge portions, an attachment structure configured to mount and secure the edge portions of the enclosure member along the support tubes, and side panels that surround an enclosed space.



33.     Claim 20 of the '919 patent recites "each of the side panels extends generally between two of the support tubes substantially out of contact with outwardly facing surfaces of the outer walls thereof, such that the outwardly facing surface of each of the upright tubes is exposed on an outside of the enclosed member."  As shown below, the DreamNest has side panels that extend generally between two of the support tubes and are substantially out of contact with the outwardly facing surfaces of the outer walls of the support tube such that the outwardly facing surface of each of the upright tubes is exposed on an outside of the enclosed member.



34.     For the reasons set forth in paragraphs 29-33, the DreamNest infringes claim 20 of the '919 patent.

35.     Defendants had knowledge of the '919 patent at least as early as April 16, 2019, when Wonderland sent a letter informing them of the patents-in-suit and infringement by the DreamNest.  *See* Exhibit C.

36.     At least as early as April 16, 2019, Defendants were willfully infringing and indirectly infringing claims of the '919 patent.

37.     For the reasons stated in paragraphs 29-35, Defendants have knowledge that the accused products infringe and continue to infringe the '919 patent.  Defendants' infringement of the '919 patent has been knowing, willful, and egregious.

38.     In addition to directly infringing the '919 patent, Defendants have actively induced others to infringe the '919 patent in violation of 35 U.S.C. § 271(b).  Defendants actively and knowingly induce end-users to infringe the '919 patent by teaching, directing, encouraging, and/or requiring end-users to use the DreamNest in an infringing manner, with the specific intent to cause

direct infringement by end-users.  For example, Defendants require end-users to assemble the DreamNest before it can be used as a crib.  Moreover, Defendants provide directions, instruction manuals, guides, and other materials that encourage, direct, require, and facilitate infringing use by end-users.

39.     Defendants were on notice of Wonderland's rights in the '919 patent and Defendants' infringement thereof, and induced and will continue to induce infringement of the '919 patent by providing the DreamNest to end-users along with instructions on how to assemble and use the DreamNest in an infringing manner.

40.     Defendants' infringement has caused, and is continuing to cause, damage, and irreparable injury to Wonderland, and Wonderland will continue to suffer damage and irreparable injury unless and until that infringement is enjoined by this Court.

41.     Wonderland is entitled to injunctive relief and damages in accordance with 35 U.S.C. §§ 271, 281, 283, and 284.

## COUNT TWO: INFRINGEMENT OF U.S. PATENT NO. 6,954,949

42.     Wonderland incorporates by reference and re-alleges paragraphs 1-41 of this Complaint as if fully set forth herein.

43.     Defendants have and are currently directly infringing claims of the '949 patent literally and/or under the doctrine of equivalents by making, using, selling, offering for sale, and/or importing into the United States, without authority, products and equipment that embody one or more claims of the '949 patent, including, but not limited to, the DreamNest.  For example, Defendants operate a website at https://www.halosleep.com/halo-dreamnest-open-air-sleep-system/, which sells the DreamNest "to the 50 United States, Washington, DC and all Canadian Provinces," including this District.  *See* Exhibit D.  Furthermore, the DreamNest can also be

purchased online and picked up at Target stores located in this District.  *See* Exhibit E.  At least because of the foregoing acts, Defendants directly infringe claims of the '949 patent.

44.    As just one non-limiting example, set forth below is a description of infringement of exemplary claim 1 of the '949 patent in connection with the DreamNest.  This description is based on publicly available information and inspection of a DreamNest.  Wonderland reserves the right to modify this description, including, for example, on the basis of information about the DreamNest that it obtains during discovery.

45.    Claim 1 of the '949 patent recites "[a] playpen with double columns at each corner of said playpen …."  The DreamNest is a playpen comprising the combination of claimed elements including, *inter alia*, double columns at each corner, as described further below.

46.    Claim 1 of the '949 patent recites "a plurality of first corner components."  As shown below, the DreamNest has a plurality of first corner components.



47.    Claim 1 of the '949 patent recites "a first rod unit connecting the first corner components."  As shown below, the DreamNest has a first rod unit connecting the first corner components.



48.     Claim 1 of the '949 patent recites "a plurality of second corner components."  As shown below, the DreamNest has a plurality of second corner components.



49.     Claim 1 of the '949 patent recites "a second rod unit connecting the second corner components."  As shown below, the DreamNest has a second rod unit connecting the second corner components.

13



50.     Claim 1 of the '949 patent recites "a plurality of first columns."  As shown below, the DreamNest has a plurality of first columns.



51.     Claim 1 of the '949 patent recites "each of said first columns having two opposite ends, one end being connected to a first corner component, another end of said column being connected to a second corner component."  As shown below, the DreamNest has first columns with two opposite ends, one end connected to a first corner component and another end connected to a second corner component.



52.     Claim 1 of the '949 patent recites "a plurality of second columns."  As shown below, the DreamNest has a plurality of second columns (the plastic columns).



53.     Claim 1 of the '949 patent recites "each said second column having two opposite ends, one end being connected to a first corner component, another end of said second column being connected to a second corner component."  The DreamNest has second columns (the plastic

columns) with two opposite ends, one end connected to a first corner component and another end connected to a second corner component.



54.     Claim 1 of the '949 patent recites "each said second corner component comprising a first sleeve and a second sleeve connecting respectively with the first column and the second column."  As shown below, the DreamNest has a second corner component with a first sleeve and a second sleeve connecting with the first column and second column.



16



55.    Claim 1 of the '949 patent recites "wherein a distance between the two second columns is larger than that between the first two columns."  As shown below, the DreamNest has first and second columns, wherein the distance between the second columns (D2) is larger than the distance between the first two columns (D1).



56.    Claim 1 of the '949 patent recites "whereby a gap is formed between an adjacent fist column and a second column."  As shown below, the DreamNest has a gap between an adjacent first column and second column.



57.    Claim 1 of the '949 patent recites "a boundary sheet extends through each said gap and covers the first columns."  The DreamNest has a boundary sheet that extends through each gap and covers the first columns.



58.     For the reasons set forth in paragraphs 45-57, the DreamNest infringes claim 1 of the '949 patent.

59.     Defendants had knowledge of the '949 patent at least as early as April 16, 2019, when Wonderland sent a letter informing them of the patents-in-suit and infringement by the DreamNest.  *See* Exhibit C.

60.     At least as early as April 16, 2019, Defendants were willfully infringing and indirectly infringing claims of the '949 patent.

61.     For the reasons stated in paragraphs 45-59, Defendants have knowledge that the accused products infringe and continue to infringe the '949 patent.  Defendants' infringement of the '949 patent has been knowing, willful, and egregious.

62.     In addition to directly infringing the '949 patent, Defendants have actively induced others to infringe the '949 patent in violation of 35 U.S.C. § 271(b).  Defendants actively and knowingly induce end-users to infringe the '949 patent by teaching, directing, encouraging, and/or requiring end-users to use the DreamNest in an infringing manner, with the specific intent to cause direct infringement by end-users.  For example, Defendants require end-users to assemble the DreamNest before it can be used as a playard.  Moreover, Defendants provide directions, instruction manuals, guides, and other materials that encourage direct, require, and facilitate infringing use by end-users.

63.     Defendants were on notice of Wonderland's rights in the '949 patent and Defendants' infringement thereof, and induced and will continue to induce infringement of the '949 patent by providing the DreamNest to end-users along with instructions on how to assemble and use the DreamNest in an infringing manner.

64.     Defendants' infringement has caused, and is continuing to cause, damage, and irreparable injury to Wonderland, and Wonderland will continue to suffer damage and irreparable injury unless and until that infringement is enjoined by this Court.

65.     Wonderland is entitled to injunctive relief and damages in accordance with 35 U.S.C. §§ 271, 281, 283, and 284.

## PRAYER FOR RELIEF

WHEREFORE, Wonderland respectfully prays for relief as follows:

A.     That judgement be entered that Defendants have infringed and induced others to infringe one or more claims of the '919 and '949 patents, literally or under the doctrine of equivalents;

B.     That judgment be entered that Defendants' infringement of the '919 and '949 patents is willful and deliberate;

C.     That this case be found exceptional under 35 U.S.C. § 285 and that Wonderland be awarded its attorneys' fees;

D.     An order pursuant to 35 U.S.C. § 283 permanently enjoining Halo, A+A, SPC, and their subsidiaries, officers, agents, servants, employees, licensees, and all other persons acting or attempting to act in active concert or participation with Defendants or acting on Defendants' behalf from (1) infringement and inducement of infringement of the '919 and '949 patents, and (2) making, using, selling, or offering for sale the DreamNest (and infringing components thereof) in the United States, or importing the DreamNest (and infringing components thereof) into the United States;

E.     An order directing Defendants to account for and pay Wonderland all damages caused by Defendants' infringement, including increased damages under 35 U.S.C. § 284;

F.      An order directing Defendants to pay Wonderland's costs, expenses, and reasonable attorney fees pursuant to 35 U.S.C. §§ 284 and 285;

G.      An award to Wonderland of pre-judgment and post-judgment interest on the damages caused by Defendants' infringement; and

H.      Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Wonderland hereby demands a trial by jury on all issues triable of right by jury.


Dated: December 31, 2019                    LTL ATTORNEYS LLP

                                            By:   */s/ Omar Tuffaha*
                                                  Omar Tuffaha (NY Bar No. 5135504)
                                                  omar.tuffaha@ltlattorneys.com
                                                  575 Fifth Avenue #15-133
                                                  New York, NY 10017
                                                  (213) 612-8900 (tel.)
                                                  (213) 612-3773 (fax)

                                                  Michael Song (to be admitted *pro hac vice*)
                                                  michael.song@ltlattorneys.com
                                                  Heather Auyang (to be admitted *pro hac vice*)
                                                  heather.auyang@ltlattorneys.com
                                                  Dat Nguyen (to be admitted *pro hac vice*)
                                                  dat.nguyen@ltlattorneys.com
                                                  300 South Grand Avenue, 14th Floor
                                                  Los Angeles, CA 90071
                                                  (213) 612-8900 (tel.)
                                                  (213) 612-3773 (fax)

                                                  THE LAW OFFICE OF ROGER TAYLOR, LLC

                                                  Roger D. Taylor (to be admitted *pro hac vice*)
                                                  roger@taylorsfirm.com
                                                  531 Roselane Street, Suite 200
                                                  Marietta, GA 30064
                                                  (770) 331-8733 (tel.)

Attorneys for Plaintiff
Wonderland Nurserygoods Co., Ltd.